## STRATTON v. DRENAN.

1. **Tax Deed:** ACTION TO SET ASIDE: PLEADING. Where the answer, in an action to set aside a tax deed, contained a general denial of the allegations of the petition, it was not demurrable, unless it also contained averments which showed affirmatively that the tax title was void.

*Appeal from Polk District Court.*

FRIDAY, JUNE 9.

ACTION to set aside a deed. The plaintiff avers that he is the owner of the premises; and that the defendant claims under a tax deed, but that the tax deed is void because the defendant was put in possession of the premises and agreed to pay the taxes; that he violated his contract and neglected to pay them, and allowed the premises to be sold for the taxes and a tax title to accrue, and afterward purchased the premises of the person who held the tax title.

The defendant for one defense pleaded a general denial, and for another defense pleaded that he purchased a decree of foreclosure of a mortgage against the premises, and afterward purchased the premises of the person holding the tax deed.

The plaintiff demurred to the answer and the demurrer was sustained. The defendant elected to stand upon his answer, and a decree was accordingly rendered for the plaintiff. The defendant appeals.

*Phillips, Goode & Phillips,* for appellant.

*M. D. McHenry,* for appellee.

ADAMS, J.—The appellee contends that the defendant's answer taken as a whole shows that his tax title has no validity, because being the owner of a decree against the property he could not acquire a tax title. The appellant in his argument contends that the purchase of the decree was made after the tax title accrued,

1. TAXDEED: action to set aside: pleading.

and that for that reason, if no other, he was not precluded by his ownership of the decree of foreclosure from acquiring a valid title by his purchase from the holder of the tax deed.

The answer does not show whether the tax title had accrued or not at the time when the defendant purchased the decree. But as the answer contained a general denial of the allegations of the petition it was not demurrable, unless it contained averments which showed affirmatively that his title was not valid. The plaintiff treats the answer as showing that the defendant was the owner of the decree at a time when he might have redeemed. But in this he is not correct. We do not then need to inquire whether, if the defendant had purchased the decree before the tax title accrued, he would be estopped by his failure to redeem from setting up his tax title. Such question is not presented in the case. The answer does not show affirmatively that the tax title is invalid, and the general denials contained in it constituted a good defense.

REVERSED.